UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOSEPH ROUSE,                                          :
                                                       :
                                    Plaintiff,         :
                                                       :        REPORT AND
                      -against-                        :        RECOMMENDATION
                                                       :
JAY ST FRESH 9 CENTS PIZZA INC,                        :        23-CV-6548 (FB)(MMH)
                                                       :
                                    Defendant.         :
------------------------------------------------------------------ x
**MARCIA M. HENRY**, United States Magistrate Judge:

Plaintiff Joseph Rouse sued Defendants Jay Street Realty Associates, L.P. ("Jay Street

Realty") and Jay St Fresh 9 Cents Pizza Inc ("Jay Street Pizza") alleging violations of the

public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"),

42 U.S.C. §§ 12182 *et seq.* (*See generally* Compl., ECF No. 1.)[1]  Plaintiff voluntarily

dismissed his claims against Jay Street Realty. (ECF No. 13.)  Before the Court is Plaintiff's

motion for default judgment against Jay Street Pizza pursuant to Federal Rule of Civil

Procedure 55(b)(2) and Local Civil Rule 55.2(b). (*See generally* Mot., ECF No. 14.)[2]  The

Honorable Frederic Block referred the motion for report and recommendation.  For the reasons

set forth below, the Court respectfully recommends that the motion should be **granted in part**.

---

[1] All citations to documents filed on ECF are to the ECF document number (*i.e.*, "ECF No. ___")
and pagination "___ of ___" in the ECF header unless otherwise noted.  Citations to this district's
Local Civil Rules are to the rules effective October 15, 2021, the operative rules when the motion
was filed.

[2] The motion papers include the Notice of Motion (Mot., ECF No. 14-1); the declaration of Maria
Barducci (Barducci Decl., ECF No. 14), the Complaint, a memorandum of law (Pl. Mem., ECF
No. 15); a proposed default judgment order (Proposed Default Judgmt., ECF No. 14-2), certificate
of default as to Defendant Fresh 9 Cents (ECF No. 14-4), and an Affidavit of Service (ECF No. 14-
5).

## I.    **BACKGROUND**

The following facts are taken from the Complaint are assumed to be true for the purposes of this motion.  *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187–90 (2d Cir. 2015).

Plaintiff is a resident of Brooklyn, New York who experienced an injury to his spine and has been a paraplegic since 2010.  (Compl., ECF No. 1 ¶ 2.)  Because of his paraplegia, he is bound to ambulate in a wheelchair.  (*Id.*)  Jay Street Realty is the owner of the property located at 408 Jay Street, Brooklyn, New York 11201 (the "Property").  (*Id.* ¶ 3.)  Jay Street Pizza leases the Property and operates a business known as "Jay St. 99 Cent Fresh Pizza" located at the Property.  (*Id.* ¶ 4.)

Plaintiff lives several miles from the Property and passes by it at least once per week. (*Id.* ¶ 6.)  Plaintiff visited the Property on July 12, 2023, and August 8, 2023, but physical barriers prevented his wheelchair from accessing the Property.  (*Id.* ¶¶ 5, 10.)  Specifically, Plaintiff alleges that the entrance of the Property was inaccessible because there was a step but no ramp and insufficient clearance for his wheelchair, and the service counter and self-service beverage cooler were too high.  (*Id.* ¶ 15.)  Plaintiff intends to visit the Property again to use all of the goods and services offered but is unable to do so because of the physical barriers that limit his access.  (*Id.* ¶ 13.)

Plaintiff filed this action on August 31, 2023.  (Compl., ECF No. 1.)  Plaintiff served the summons and Complaint on Jay Street Pizza on September 15, 2023 by delivering a copy of the Summons and Complaint to the New York Secretary of State.  (Aff. of Service, ECF No. 8.)  At Plaintiff's request, after Jay Street Pizza failed to appear or otherwise respond to

the Complaint, the Clerk of Court entered a notation of default against it on December 18, 2023.  (Entry of Default, ECF No. 11.)[3]

Plaintiff moved for default judgment against Jay Street Pizza on June 14, 2024, seeking injunctive relief and an award of attorneys' fees and costs.  (Mot., ECF No. 14.)  On the same day, Plaintiff served the motion for default judgment on Jay Street Pizza.  (Barducci Decl., ECF No. 14 at 9.)[4]  Judge Block referred the motion for report and recommendation.  (June 14, 2024 Order.)  To date, Jay Street Pizza has not appeared in this case or responded to Plaintiff's motion.

## II.   DISCUSSION

### A.   Standard for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure employs a two-step process for a party to obtain a default judgment.  Fed. R. Civ. P. 55(a)–(b); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *Nam v. Ichiba Inc.*, No. 19-CV-1222 (KAM), 2021 WL 878743, at *2 (E.D.N.Y Mar. 9, 2021).  *First*, when a party uses an affidavit or other proof to show that a party has "failed to plead or otherwise defend" against an action, the clerk shall enter a default.  Fed. R. Civ. P. 55(a).  If a claim is for "a sum certain or a sum that can be made certain by computation," the clerk can enter judgment.  Fed. R. Civ. P. 55(b)(1).  *Second*, and "[i]n all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2);

---

[3] After Plaintiff's repeated failure to comply with the Court's orders directing service of the summons and Complaint upon Jay Street Realty (*see* Dec. 12, 2023 Order; Dec. 19, 2023 Order; Dec. 26, 2023 Order), on April 3, 2024, Plaintiff voluntarily dismissed his claims against Jay Street Realty without prejudice.  (Notice of Voluntary Dismissal, ECF No. 13.)

[4] The Certificate of Service indicates that counsel mailed a copy of "the foregoing document" upon "Jay St Fresh 9 Cents Pizza INC" at "408 Jay St, Brooklyn, NY 11201."  (Barducci Decl., ECF No. 14 at 9.)

*Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI)(RER), 2021 WL 6065744, at *5 (E.D.N.Y. Dec. 22, 2021).  To "enter or effectuate judgment" the Court is empowered to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

The decision to grant or deny a default motion is "left to the sound discretion of a district court." *Shah v. New York State Dep't of Civ. Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) (cleaned up).  The Court must draw all reasonable inferences in favor of the movant.  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  However, "a default . . . only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Double Green Produce, Inc. v. F. Supermarket Inc.*, 387 F. Supp. 3d 260, 265 (E.D.N.Y. 2019) (cleaned up).

### B. Jurisdiction and Venue

#### 1. Subject Matter Jurisdiction

"Before granting a motion for default judgment, a court must first determine whether it has subject matter jurisdiction over the action." *Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20-CV-150 (ALC), 2021 WL 4427016, at *3 (S.D.N.Y. Sept. 27, 2021) (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125–27 (2d Cir. 2011)).  The Court has original jurisdiction over Plaintiff's claims that Jay Street Pizza violated Title III of the ADA. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## 2.    Personal Jurisdiction

"[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).  The three requirements for personal jurisdiction are: (1) the plaintiff's service of process upon the defendant must have been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles.  *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59–60 (2d Cir. 2012) (subsequent history omitted).

*First*, Plaintiff properly served Defendant by delivering copies of the Summons and Complaint to the New York Secretary of State.  (Aff. of Service, ECF Nos. 8–9, 14-5.).  This method of service on a corporation complies with federal and state procedural rules.  Fed. R. Civ. P. 4(h)(1)(A) & 4(e)(1); N.Y. C.P.L.R. § 311(a)(1); N.Y. Bus. Corp. Law § 306(b)(1).[5] *Second*, "[t]he Court has general jurisdiction over Defendant, because [it is a] New York corporation[] 'doing business' in New York."  *Francis v. Ideal Masonry, Inc.*, No. 16-CV-

---

[5] The Court notes that while the Complaint incorrectly states that Defendant is "Jay St Fresh **9** Cents Pizza Inc," the summons in this action correctly states the name and address of the corporate entity "Jay St Fresh **99** Cents Pizza Inc." with service address at 101-18 80th Street, Ozone Park, New York 11416 (the "Ozone Park Address").  (Summons, ECF No. 7-1.)  This summons is thus consistent with the New York Secretary of State's online database, which lists Jay Street Fresh **99** Cents Pizza Inc. as a registered New York corporation accepting service of process on the Secretary of State and the Ozone Park Address as the service address.  "Corporation and Business Entity Database," N.Y. Dep't of State Div. of Corps., https://apps.dos.ny.gov/publicInquiry/#search ("Entity Display" for "Jay St Fresh 99 Cents Pizza Inc.") (emphasis added) (last visited Mar. 14, 2025).  Further, as alleged in the Complaint, Plaintiff worked at Defendant's business located at 408 Jay Street, Brooklyn, New York 11201 which is the business address of Jay St. **99** Cent Fresh Pizza.  (Compl., ECF No. 1 ¶ 4.)

2839 (NGG)(PK), 2018 WL 4292171, at *3 (E.D.N.Y. Aug. 3, 2018), *adopted by* 2018 WL

4288625 (E.D.N.Y. Sept. 7, 2018) (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014)

and N.Y. C.P.L.R. § 301). *Third*, "[s]ince jurisdiction is proper for all Defendants under [the]

CPLR, the Court's exercise of personal jurisdiction comports with constitutional due process."

*Francis*, 2018 WL 4292171, at *3. Defendant therefore "has sufficient contacts with the forum

state to justify the court's exercise of personal jurisdiction" and "it is reasonable to exercise

personal jurisdiction under the circumstances of the particular case." *Licci*, 673 F.3d at 60

(citation omitted).

### 3.    Venue

"A civil action may be brought in a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Venue is

proper in this district because the alleged failure to prevent access to a public accommodation

described in the Complaint occurred at the Property located in Brooklyn, New York. (Compl.,

ECF No. 1 ¶¶ 4–5.)[6]

### C.    Default Judgment Factors

Courts use the same three-factor test used to set aside a default judgment to determine

whether to grant a default judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d

Cir. 1993); *Avail 1 LLC v. Latief*, No. 17-CV-5841 (FB)(VMS), 2020 WL 5633869, at *4

(E.D.N.Y. Aug. 14, 2020). Specifically, courts examine: "(1) whether the defendant's default

was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and

---

[6] While the Complaint fails to cite any relevant venue statutes, the factual allegations are sufficient
to establish venue. (Compl., ECF No. 1 ¶¶ 4–5.) Counsel is warned, however, that the better
practice is to state the statutory basis for venue in the Complaint.

(3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6331 (MKB), 2019 WL 2233828, at *3 (E.D.N.Y. May 22, 2019) (citing *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 170–71 (2d Cir. 2001)).

Here, all three factors weigh in Plaintiff's favor. *First*, a defendant's failure to answer a duly served summons and complaint and respond to a motion for default judgment is considered willful. *United States v. Ireland*, No. 15-CV-3397 (JS)(AYS), 2016 WL 5376248, at *4 (E.D.N.Y. Aug. 8, 2016), *adopted by* 2016 WL 5372801 (E.D.N.Y. Sept. 26, 2016); *Acosta v. DRF Hosp. Mgmt. LLC*, No. 18-CV-346 (DRH)(AKT), 2019 WL 1590931, at *6 (E.D.N.Y. Mar. 13, 2019), *adopted by* 2019 WL 1585225 (E.D.N.Y. Apr. 12, 2019) ("When a defendant is continually and 'entirely unresponsive,' defendant's failure to respond is considered willful."). *Second*, without an answer to the Complaint, "the Court cannot determine whether a defendant has a meritorious defense and granting a default judgment is favored under those circumstances." *Avedana v. Casa Ofelia's Bakery LLC*, No. 20-CV-2214 (DG)(AKT), 2021 WL 4255361, at *4 (E.D.N.Y. Aug. 19, 2021), *adopted by* 2021 WL 4248857 (E.D.N.Y. Sept. 17, 2021). *Third*, Plaintiff will be prejudiced if the motion for default judgment is denied because "there are no additional steps available to secure relief in this Court." *Reyes v. Tacos El Gallo Giro Corp.*, No. 20-CV-3474 (EK)(SJB), 2022 WL 940504, at *2 (E.D.N.Y. Jan. 25, 2022) (citation omitted), *adopted by* 2022 WL 939769 (E.D.N.Y. Mar. 29, 2022). In other words, because Jay Street Pizza has failed to respond or otherwise appear in this action, without the entry of default judgment, the alleged barriers will remain. *Hashimi v. CLMO, LLC*, No. 20-CV-1073 (DG), 2021 WL 3478174, at *4 (E.D.N.Y. July 19, 2021), *adopted by* 2021 WL 3472658 (E.D.N.Y. Aug. 6, 2021).

Based on the foregoing, entry of default judgment is permissible.

### D.    Standing

"To establish [Article III] standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "'[P]laintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek.'" *Woods v. Centro of Oneida, Inc.*, 103 F.4th 933, 940 (2d Cir. 2024) (quoting *TransUnion*, 594 U.S. at 431). "'[E]ven though defendants have not appeared in this action and have not challenged plaintiff's standing to sue, the Court evaluates whether Plaintiff has standing.'" *Hashimi v. Conandy Realty LLC*, No. 23-CV-2300 (LDH)(MMH), 2024 WL 1006833, at *3 (E.D.N.Y. Mar. 8, 2024) (quoting *Hashimi v. CLMO*, 2021 WL 3478174, at *3).

"To invoke the jurisdiction of the federal courts, a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his or her standing to sue at each stage of the litigation." *Dunston v. Spice of India Inc.*, No. 20-CIV-493 (PKC)(VMS), 2022 WL 994502, at *3 (E.D.N.Y. Feb. 14, 2022) (cleaned up), *adopted by* Order Adopting R. & R., *Dunston v. Spice of India Inc.*, No. 20-CIV-493 (PKC)(VMS) (E.D.N.Y. Mar. 17, 2022). "In ADA cases, a broad view of constitutional standing is appropriate because private enforcement suits are the primary method of obtaining compliance with the Act." *Adams v. 8618-8620 Third Ave. Realty Corp.*, No. 22-CV-05722 (FB)(RER), 2023 WL 5279355, at *4 (E.D.N.Y. July 28, 2023) (cleaned up), *adopted by* 2023 WL 5278483 (E.D.N.Y. Aug. 16, 2023).

"In the ADA context[,] a plaintiff seeking injunctive relief has suffered an injury in fact when: '(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location.'" *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam)).

Plaintiff sufficiently establishes standing for his ADA claim and related injunctive relief. Plaintiff plausibly alleges that he visited the Property twice and that on both occasions, several structural barriers prevented his access to and through the Property. (Compl., ECF No. 1 ¶¶ 5, 10.) "In the context of the ADA, the fact that the wheelchair-inaccessible entrance deterred [Plaintiff] from accessing the [Property] established a concrete and particularized injury." *Kreisler*, 731 F.3d at 188. Plaintiff also cites the specific ADA regulations and remedial measures that he claims Jay Street Pizza failed to implement at the Property. (*Id.* ¶ 15.) "[G]iven the number and nature of the barriers described by Plaintiff, it is reasonable to infer that, absent a court order requiring remediation, the barriers will remain." *Hashimi v. CLMO,* 2021 WL 3478174, at *4.

Further, under the totality of all relevant facts, "the plaintiff plausibly alleges 'a real and immediate threat of future injury.'" *Calcano*, 36 F.4th at 75 (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021)). Plaintiff alleges that he "lives only several miles from [the Property], [and] passes by the [the Property] at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to eat out." (Compl., ECF No. 1 ¶ 6.) Plaintiff also states that he has dined at neighboring restaurants

surrounding the Property without obstructions, and that he dines out "twice per month" in the neighborhood where the Property is located and approximately "once or twice per month" at restaurants on the same street as the Property.  (*Id.* (listing establishments).)  Plaintiff also alleges that "he would dine at the Defendant's restaurant and avail himself of the [Property's] goods and services" but for its structural barriers.  (*Id.*)  These allegations are sufficient to establish Plaintiff's intention to return to the Property.  *See Kreisler*, 731 F.3d at 188 (finding intent to return defendant's restaurant because plaintiff lived near it, dined frequently in his neighborhood, and would return there if he could access it); *Adams,* 2023 WL 5279355, at *3 (finding intent to return when plaintiff lived less than six miles from defendant's property, dined in the neighborhood several times per month, and alleged his intent to return to the property).

Accordingly, the Court finds that Plaintiff has established standing to bring this case.

### E.    Liability

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place or public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."   42 U.S.C. § 12182(a).  "To demonstrate liability, plaintiff must 'establish that (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA.'"  *Gomez*, 2023 WL 5337864, at *3 (quoting *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 368 (2d Cir. 2008), *cert. denied*, 556 U.S. 1104 (2009)).

### 1.    Disability

The ADA defines a statutorily protected disability as "a physical or mental impairment that substantially limits one or more major life activities" of an individual.  42 U.S.C. § 12102(1)(A).  Plaintiff adequately alleges that he is disabled within the meaning of the ADA because he alleges that he has been a paraplegic since 2010, and requires a wheelchair to ambulate.  (Compl., ECF No. 1 ¶ 2.)  Therefore, Plaintiff is a disabled individual as he is substantially limited in the major life activity of walking.  *See* 42 U.S.C. § 12102(2)(A) ("major life activities include . . . walking.").

### 2.    Public Accommodation

The ADA defines a public accommodation to include "a restaurant, bar, or other establishment serving food or drink[.]"  42 U.S.C. § 12181(7)(B).  Here, Plaintiff adequately describes the Property as a "public accommodation," "service establishment," and a "restaurant" in which he attempted to dine.  (Compl., ECF No. 1 ¶¶ 5–7.)  Accordingly, Jay Street Pizza is a public accommodation subject to the ADA.  *Hashimi v. Conandy Realty*, 2024 WL 1006833, at *5.

### 3.    Discrimination

The ADA defines discrimination to include, *inter alia*, "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).  The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense."  *Id.* § 12181(9).  Further, "[a] plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')."  *Dunston v. Spice of India*, 2022 WL

994502, at *5 (cleaned up) (collecting cases).  Here, Plaintiff properly alleges that he had difficulty accessing the Property due to several physical barriers in violation of the ADAAG, including steps at the front entrance that did not include a ramp, inaccessible service counter, and inaccessible self-service beverage cooler displaying beverages for purchase.  (Compl., ECF No. 1 ¶ 15 (citing, *e.g.*, provisions of ADAAG §§ 206 and 402 (Accessible Routes), 227 (Sales and Service), 207 (Accessible Means of Egress), 308 (Reach Ranges), 403 (Walking Surfaces), 404 (Doors, Doorways, and Gates), and 904 (Check-Out Aisles and Sales and Service Counters).)  Plaintiff also alleges that "the removal of the physical barriers . . . is readily achievable and can be carried out without much difficulty or expense."  (*Id.* ¶ 17.) Accordingly, Plaintiff has adequately alleged that he has been discriminated against within the meaning of the ADA.  *Adams*, 2023 WL 5279355, at *4.

Accordingly, the Court respectfully recommends that Jay Street Pizza should be liable for violation of the ADA.

**F.    Damages**

Plaintiff seeks injunctive relief and requests 180 days after the entry of default to seek attorneys' fees and costs.  (Pl.'s Mem. ECF No. 15 at 5, 8.)  Plaintiff does not seek monetary damages.  (*See generally id.*)[7]

---

[7] Plaintiff argues that "[d]espite the fact that the [New York State Human Rights Law] provides for monetary compensation, Plaintiff is not seeking [monetary] damages."  (Pl.'s Mem, ECF No. 15 at 5.)  However, Plaintiff is not entitled to monetary damages because the Complaint does not allege violations of the NYSHRL.  Instead, Plaintiff "sues [Jay Street Pizza] for injunctive relief pursuant to the [ADA] and the [ADAAG]." (Compl., ECF No. ¶ 1 at 1; *see also id.* ¶ 2 (pleading federal question jurisdiction "for Plaintiff's claims arising under 42 U.S.C. § 12181 *et seq.*, based upon Defendant's [sic] violations of Title III of the ADA").)

### 1.    Injunctive Relief

"In the case of violations of section[] 12182(b)(2)(A)(iv)[,] injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter."   42 U.S.C. § 12188(a)(2).  As noted above, Plaintiff adequately alleges that he has been discriminated against within the meaning of the ADA and that Defendants violated § 12182(b)(2)(A)(iv). (*See* § II.E., *supra*.)  Plaintiff therefore requests an injunction requiring Jay Street Pizza to submit an architectural plan that remedies the identified barriers within 90 days of the date of entry of default judgment.  (Pl.'s Mem., ECF No. 15 at 5, 9; Barducci Decl., ECF No. 14 ¶ 8; Proposed Default Judgmt., ECF No. 14-2.)  Plaintiff also seeks 30 days from receipt of the plan to seek further relief from the Court, asks that any alterations should be made within 60 days of Plaintiff's consent or any ruling on Plaintiff's rquest for relief, and requests that Jay Street Pizza remain closed during the alterations.  (Pl.'s Mem., ECF No. 15 at 7, 9.)

Plaintiff's requests should be granted in part.  "[T]he often-used method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan with a prescribed period of time."  *Grinblat v. Apna Food & Oil Corp.*, No. 19-CV-6746 (EK)(LB), 2020 WL 7481508, at *6 (E.D.N.Y. Aug. 26, 2020), *adopted by* 2020 WL 7481327 (E.D.N.Y. Dec. 18, 2020) (cleaned up) ; *see also Hashimi*, 2021 WL 3478174, at *4 (collecting cases).  For this reason, Plaintiff's proposal for the submission of a remediation plan and sufficient time to seek additional relief is reasonable.  However, Plaintiff's request for Jay Street Pizza to remain closed during the renovations is unreasonable based on the record before the Court.  "The time required to implement the necessary alterations to [Jay Street Pizza] is unknown, and closing the facility could deprive Defendant of the financial resources needed

to carry out the necessary structural alterations discussed above." *Dunston v. Babushka LLC*, No. 24-CV-2969 (OEM)(JAM), 2024 WL 5164694, at *11 (E.D.N.Y. Dec. 19, 2024) (collecting cases), *adopted by* Order Adopting R. & R., *Dunston v. Babushka LLC*, No. 24-CV-2969 (OEM)(JAM) (E.D.N.Y. Jan. 13, 2025).   Accordingly, the Court respectfully recommends that the Court should issue an injunction requiring: (1) Jay Street Pizza to prepare architectural plans remedying the violations described in the Complaint and to provide Plaintiff's counsel with those plans for review within 90 days of entry of judgment; (2) Plaintiff to consent to or seek further relief from the Court regarding those plans within 30 days of receipt; and (3) Jay Street Pizza to complete the necessary alterations within sixty days after Plaintiff consents to the alterations or an order is granted on Plaintiff's request for further relief. *Id.*

### 2.    Attorneys' Fees

In an action to recover damages under the ADA, "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205.  Plaintiff requests 180 days after the entry of a default judgment to make such a motion.  (Pl.'s Mem., ECF No. 15 at 8–9.)  The request to submit a motion for attorneys' fees and costs six months after entry of a default judgment is reasonable here, as courts in this district prefer to evaluate such motions after the attorney can "demonstrate reasonable efforts to enforce the injunction." *Adams*, 2023 WL 5279355, at *5 (cleaned up); *Dunston v. Spice of India*, 2022 WL 994502, at *6.

Accordingly, the Court respectfully recommends that Plaintiff should be granted 180 days after the entry of a default judgment to seek attorneys' fees and costs, if this Report and Recommendation is adopted.

III.    **CONCLUSION**

For the foregoing reasons, the Court respectfully recommends that Plaintiff's motion for default judgment at ECF No. 14 should be **granted in part** as follows: (1) the Clerk of Court should enter the proposed default judgment at ECF No. 14 against Defendant;[8] (2) the Court should issue an injunction: (a) requiring Defendant to prepare architectural plans remedying the violations described in the Complaint and to provide Plaintiff's counsel with those plans for review within 90 days of entry of judgment; (b) permitting Plaintiff to seek further relief from the Court within 30 days upon receipt of the plans; and (c) permitting Defendant to complete the necessary alterations within 60 days after either Plaintiff consents to the alterations or a ruling by the Court that the plans are adequate, whichever occurs first; and (3) Plaintiff should be granted 180 days after the entry of a default judgment to move for attorneys' fees and costs. All other requests for relief should be **denied**.

A copy of this Report and Recommendation is being served on Plaintiff via ECF.  The Clerk of the Court is respectfully directed to mail a copy of this Report and Recommendation to Defendant at 408 Jay Street, Brooklyn, New York 11201 and 101-18 80th Street, Ozone Park, New York 11416.

Within 14 days of service, any party may serve and file specific written objections to this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  Any requests for an extension of time to file objections shall be directed to Judge Block.  If a party

---

[8] The Court respectfully recommends that the proposed default judgment should be amended to be consistent with this Report and Recommendation, if adopted.

fails to object timely to this Report and Recommendation, it waives any right to further judicial review of this decision. *See Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).

**SO ORDERED.**

Brooklyn, New York
March 14, 2025

/s/Marcia M. Henry
MARCIA M. HENRY
United States Magistrate Judge