UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH ROUSE,

                Plaintiff,

   -against-

JAY ST FRESH 9 CENTS PIZZA
INC.,

                Defendants.

**MEMORANDUM AND ORDER**
Case No. 1:23-CV-6548 (FB)

*Appearances:*
*For the Plaintiff:*
MARIA COSTANZA BARDUCCI
Barducci Law Firm, PLLC
5 West 19th Street, 10th Floor
New York, New York 10011

**BLOCK, Senior District Judge:**

Following the Court's grant of Default Judgement, Plaintiff Joseph Rouse moves to amend the Complaint to re-name an indispensable party. Rouse alleges that Jay St Fresh 9 Cents Pizza Inc. is now doing business as an entity called Jay St Fresh 99 Cents Pizza Inc., and as such is misnamed in the original Complaint. The motion comes more than 21 days after the Complaint was served, so amendment is only possible "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As the Defendants have never responded to the Complaint or any of the Court's communiques, Rouse seeks the Court's leave to amend. For the following reasons, Plaintiff's motion is GRANTED.

On March 31, 2025, the Court adopted Magistrate Judge Henry's Report and Recommendation, granting Plaintiff's motion for Default Judgment. Dkt. 17. The Clerk of Court

entered Final Default Judgment on April 1, 2025. Dkt. 18. Plaintiff's motion to amend the pleadings should be granted if "justice so requires." *Id*. Furthermore, an amendment to change a party's name may relate back to the date of the original pleadings so long as (1) the claim arises from the same conduct set out in the original pleading, and (2) the party to be brought in by amendment received notice of the action, knew or should have known that the action would have been brought against it, and will not be prejudiced by the amendment. Fed. R. Civ. P. 15(c)(1)(C). Here, the conduct and claims are the same, and the Defendant is the same but for the change of name. Jay St Fresh 9 Cents Pizza Inc. and Jay St Fresh 99 Cents Pizza Inc. are the same entity and they have been on notice of this action since its initiation, accordingly, amending the complaint will not prejudice the Defendant (regardless of what name they do business under). Rouse has waited two and a half years since filing this civil rights action and is unable to collect on his Judgement simply because the Defendant is doing business under a different name. Justice clearly supports the amendment.

Plaintiff's motion to amend the Complaint is GRANTED. When Plaintiff files the First Amended Complaint the Court will amend the captions on its Default Judgment Memorandum and Order, Dkt. 17, and Judgement, Dkt. 18, and as well as the Attorney's Fees Memorandum and Order, Dkt. 21, and Attorney's Fees Judgement, Dkt. 22, to reflect the amendment.

**SO ORDERED.**

 /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 17, 2026

2