UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ROUSE,<br><br>                Plaintiff,<br><br>-against-<br><br>JAY ST FRESH 99 CENTS PIZZA INC,<br><br>                Defendant. | *AMENDED*<br>**<u>MEMORANDUM AND ORDER</u>**<br>Case No. 23-CV-6548 |

*Appearances:*
*For the Plaintiff:*
MARIA CONSTANZA BARDUCCI
Barducci Law Firm PLLC
5 West 19th St, 10th Fl
New York, NY 10011

**BLOCK, Senior District Judge:**

On June 14, 2024, the Court referred a motion for default judgment by

Joseph Rouse ("Plaintiff") against Jay St. Fresh 99 Cents Pizza Inc ("Defendant")

to Magistrate Judge Marcia M. Henry. On March 14, 2025, Magistrate Judge

Henry issued a Report and Recommendation ("R&R") recommending the Court

grant in part the motion for default judgment against Defendant and issue an

injunction: (a) requiring Defendant to prepare architectural plans remedying the

violations described in the Complaint and to provide Plaintiff's counsel with those

plans for review within 90 days of entry of judgment; (b) permitting Plaintiff to

seek further relief from the Court within 30 days upon receipt of the plans; and (c)

permitting

1

Defendant to complete the necessary alterations within 60 days after either Plaintiff consents to the alterations or a ruling by the Court that the plans are adequate, whichever occurs first. *See* R&R at 15, ECF No.16. The R&R also recommended the Court grant Plaintiff 180 days after the entry of default judgment to move for attorneys' fees and costs.

The R&R gave the parties fourteen days to file objections, i.e., until March 28, 2025, and warned that "[i]f a party fails to object timely to this Report and Recommendation, it waives any right to further judicial review[.]" *Id.* at 25. No objections have been filed. If clear notice has been given of the consequences of failing to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citations omitted)). The Court will, however, excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R. Accordingly, the Court adopts the R&R without *de novo* review. The Court enters judgment for

2

Plaintiff against Defendant for an injunction: (a) requiring Defendant to prepare architectural plans remedying the violations described in the Complaint and to provide Plaintiff's counsel with those plans for review within 90 days of entry of judgment; (b) permitting Plaintiff to seek further relief from the Court within 30 days upon receipt of the plans; and (c) permitting Defendant to complete the necessary alterations within 60 days after either Plaintiff consents to the alterations or a ruling by the Court that the plans are adequate, whichever occurs first. The Court also grants Plaintiff 180 days after the entry of default judgment to move for attorneys' fees and costs. The Clerk shall enter judgment in accordance with this opinion, amending Plaintiff's proposed default judgment accordingly. *See* Proposed J., ECF No. 14-2.

**SO ORDERED.**

_/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 19, 20256

3